The doctrine that a party who has no interest in pleading that a particular statute is unconstitutional *Page 775 
has no right to have the question of constitutionality decided by a court of justice is so fundamental and sound that it has become trite and does not admit of argument. But the question presented in this case, as in all such cases, is not whether a party may plead successfully that a statute is unconstitutional when he has no interest in making the plea, but whether the party making the plea has an interest to be protected if the statute is in fact unconstitutional.
It is not at all necessary to decide whether the garnishee (Myles Salt Company) would have rendered itself liable to the judgment debtor (Baker) if the garnishee had not pleaded that the statute (section 1 of Act No. 115 of 1928) was unconstitutional, and if in fact the statute is unconstitutional. Aside from any interest which Baker might have in the plea that the statute is unconstitutional, the Myles Salt Company has its own interest to protect. The statute is the very basis — and the only basis — of the plaintiff's demand for a judgment against the Myles Salt Company; and the judgment which this court is now rendering, byvirtue alone of the Act No. 115 of 1928, condemns the Myles Salt Company to pay the plaintiff, Interstate Trust Banking Company, $125 per month, plus all sums due by the Myles Salt Company to George F. Baker in excess of $250 per month, until the final liquidation of a certain judgment obtained by the Interstate Trust Banking Company against George F. Baker for the sum of $3,700, with interest, etc. My opinion is that the Myles Salt Company has an interest in pleading that the Act 115 of 1928, without the authority of which the court could not render the judgment which is now rendered against the Myles Salt Company in this case, is unconstitutional. I respectfully dissent, therefore, from the prevailing opinion and the decree rendered in this case. *Page 776 
On Motion of Plaintiff to Correct Decree.